## C. Trevor Dunham, Inc., v. Miller.

*Judgment—Confession—Entry of judgment—Residence of plaintiff—Act of March 31, 1915.*

1. The provision of the Act of March 31, 1915, P. L. 39, requiring the filing of a certificate of the residence of the judgment creditor when a judgment is entered, is met where the præcipe directing judgment sets forth in its caption the residence of the creditor.

*Judgment—Entering judgment—Assignment—Act of May 28, 1715.*

2. A negotiable promissory note containing a warrant to confess judgment may be entered up by the holder without a formal assignment to him under seal, before two or more credible witnesses, as provided by the Act of May 28, 1715, 1 Sm. Laws, 90.

3. The fact that a note is under seal, that it contains a warrant to confess judgment, that it is payable in instalments, and that it contains an intimation of the transaction out of which it grew, does not affect its negotiability.

Rule to show cause why judgment should not be stricken from the record. C. P. Schuylkill Co., Jan. T., 1927, No. 452.

*R. S. Bashore*, for plaintiff; *W. C. Devitt*, for defendant.

KOCH, J., March 7, 1927.—The reasons assigned in support of this motion are as follows:

"1. Because neither the judgment creditor nor his authorized agent or attorney, before judgment was entered, filed to the same number and term as the judgment herein set forth, the precise residence address of the said judgment creditor, as is required by the Act of Assembly passed March 31, 1915, § 1, P. L. 39.

"2. Because there is nothing in the record authorizing or empowering any attorney or other person to confess judgment in favor of the above-named plaintiff.

"3. Because the above-stated judgment has been entered and filed without any authority, either in law or in fact, for its entry against the above-stated defendant."

An act, entitled "An act relative to judgments and prescribing the duties of prothonotaries in connection therewith," approved March 31, 1915, P. L. 39, directs every prothonotary "not to enter any judgment unless the judgment creditor, or his duly authorized attorney or agent, produces to the prothonotary a certificate signed by the judgment creditor, or by his duly

C. Trevor Dunham, Inc., v. Miller.

authorized attorney or agent, setting forth the precise residence address of the said creditor. The certificate shall be filed at the same number and term as the judgment." Section 2 of the act makes it the duty of the prothonotary to "monthly prepare and deliver to the county authorities who assess property for county tax purposes a list of all judgments entered during the preceding month, with the names and residence addresses of the respective judgment creditors and the amount of the respective judgments."

It is apparent that the purpose of this act is to advise the county authorities respecting the premises so that taxes for moneys at interest may be assessed and obtained. The information required in this instance is fully met by the caption of the case as stated in the præcipe, directing the confession of judgment to be entered. The caption reads as follows: "C. Trevor Dunham, Inc., Nos. 246-248 North Broad Street, Philadelphia, Pa., plaintiff, v. Lamont Miller, defendant."

We think the caption giving the address of the judgment creditor answers all the purposes intended by the Act of March 31, 1915, P. L. 39. It is a substantial compliance with the requirements of the act. The act is directory in its character, and its purpose is well served by giving the information which the act obliges the creditor to give, and that information is found in the caption of this case. Therefore, the case of Small v. Faust, 6 D. & C. 816, is not controlling in this case, and the reason assigned in support of the rule is of no avail.

The note is dated Nov. 3, 1923, to pay W. A. White $1171.12 in twelve monthly instalments, and judgment by confession was entered Dec. 14, 1926.

The defendant contends that the plaintiff in this case could not enter judgment without a formal assignment of the note made before two or more credible subscribing witnesses, as provided in section 8 of the Act of May 28, 1715, 1 Sm. Laws, 90, which says: "All assignments made of bonds and specialties shall be under hand and seal before two or more credible witnesses."

The note is not a specialty on account of bearing a seal: Act of May 16, 1901, § 5, P. L. 194.

The question here is whether this note is negotiable. For if it be a negotiable instrument, the holder thereof may sue thereon in his own name: Ibid., § 51. Nor is the negotiability of a note affected by the provision that it shall be paid in instalments or that, if any default be made in any instalment, the whole shall become due: Ibid., § 2. Nor because it provides for collection of costs and an attorney's fee: Ibid., § 2. Nor is it affected by an intimation of the transaction which gives rise to the instrument: Ibid., § 3. Nor is the negotiability affected by the fact that it authorizes the confession of judgment or waives the benefit of exemption laws: Ibid., § 5. The instrument is, therefore, negotiable, and the endorsement or guarantee on the back by the payee named in the note does not affect its validity in the hands of the holder, to wit, C. Trevor Dunham Inc. In the body of the note it is specifically provided that judgment may be confessed in favor of the lessor, W. A. White, or in favor of any subsequent holder of the note. There is, therefore, no necessity for a formal assignment of this note under seal in the presence of two witnesses. There is ample authority given in the note for the confession of judgment. If the amount claimed to be due is not the amount due, the only recourse is a rule to open the judgment.

The rule is discharged, the defendant is given an exception and bill is sealed.

From M. M. Burke, Shenandoah, Pa.

NOTE.—A note does not lose its negotiable character by authorizing "a confession of judgment if the instrument be not paid at maturity:" Act of May 16, 1901, § 5, subd. 2, P. L. 194.